DANIEL BOLLES *vs.* CHARLES STEARNS.

No action can be maintained for the price of goods delivered to the defendant upon his promise to account for them at certain prices, or return them on demand, without proving such demand.

A note payable to the order of John P. Reed, a person *in esse*, cannot be indorsed by *Joseph* P. Reed, a different person, and not the legal representative of John P., although the note was in fact given to Joseph P. for a consideration advanced by him and not by John P.

FROM the auditor's report, to whom this case was referred, it appeared that the plaintiff delivered a part of the items of his account, amounting to $36.20, upon the following receipt:— " Littleton, April 11th, 1845. Received of Daniel Bolles, the following articles which I promise to account for at their respective prices, or return, on demand, viz: [describing the articles] " and the auditor submitted to the court whether the plaintiff could recover for these items, no demand ever having been made by the plaintiff upon the defendant for their return. There were other items in the plaintiff's account, amounting to $73.47, about which no controversy arose. In the defendant's account in set-off there were several items found due by the auditor's report, amounting to $78.94. And the auditor submitted to the court whether the defendant was entitled to another item in set-off of $43.92, a balance claimed by him on a note of the following tenor: " Littleton, May 15th, 1845. $100. For value received, I promise to pay John P. Reed, or order, one hundred dollars, on demand, with interest. Daniel Bolles." The following indorsement was upon said note: " May 23d, 1846. Received $74.17, of the within. Joseph P. Reed," and it was also indorsed by him in that name in blank. There was, when said note was given, a person living in the same town with Joseph P. Reed, whose name was John P. Reed, but it was proved that the note was in fact given by said Bolles to Joseph P. Reed, for money lent him by said Reed; that $74.17 was paid by Bolles upon it, and the note was by Joseph P. Reed indorsed to the defendant within two years from its date, for its then value paid by him.

Upon these facts, judgment was entered in the court of common pleas upon the auditor's report for the defendant, for $49.39. The plaintiff appealed to this court.

*B. F. Butler*, for the plaintiff.

*J. G. Abbott*, for the defendant.

METCALF, J. The court are of opinion that the defendant is not liable on his promise of April 11th, 1845, because no demand was made on him before action brought. That promise was that he would account for certain articles at certain prices, or return them, on demand. Before demand made on him, he is in no default, within the terms of his promise, either for not accounting for the articles, or for not returning them. He has not promised to do either except on demand. If the plaintiff had sued the defendant on this promise, he must have alleged a special demand before action brought, (Gould Pl. *c.* 4, § 15,) and must have proved it before he could have recovered.

The court are also of opinion that the note given by the plaintiff, payable to John P. Reed, or order, and indorsed to the defendant by Joseph P. Reed, cannot be allowed to the defendant by way of set-off. That note, though given for money lent to the plaintiff by Joseph P. Reed, was made payable, not to him, but to John P. Reed, a person *in esse*. Now it is certain that the legal interest in that note was not transferred to the defendant by Joseph P. Reed's indorsing his name on it. He was not the payee nor the legal representative of the payee. And a transfer by indorsement can be made in the first instance only by the payee, or by some one claiming in his right, as his executor, administrator, or assignee in bankruptcy or insolvency. Kyd on Bills, (1st Amer. ed.) 106, 107. If there had been no such person as John P. Reed, perhaps the note might have been regarded as payable to bearer, and might have been passed to the defendant by delivery, as if it had in terms been made payable to bearer. Of this, however, we give no opinion. But as the note was made payable not to a fictitious person, but to a person in being, the indorsement of a third person transferred no legal title to it.

If the indorsement and delivery of this note to the defend

ant by Joseph P. Reed, could be regarded as an equitable assignment of it, still the defendant would not be entitled to set it off against the plaintiff's claim on him, because it is not shown that notice of such assignment was given to the plaintiff before this action was commenced. Rev. Sts. c. 96, § 5.

The result is, that the plaintiff's legal claim against the defendant is $73.47, and that the defendant's legal set-off is $78.94, leaving a balance of $5.47 due to the defendant, and he is to have judgment for that sum.